IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02441-BNB

JAMES LEWIS BROWN, SR.,

Applicant,

v.

R. WILEY, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 28 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant James Lewis Brown, Sr., is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp at Florence, Colorado. Mr. Brown initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In an order filed on November 14, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies. On December 4, 2008, Respondent filed a preliminary response to the habeas corpus application. On December 22, 2008, Mr. Brown filed a reply to the preliminary response.

The Court must construe the documents filed by Mr. Brown in this action liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For

the reasons stated below, the action will be dismissed for failure to exhaust administrative remedies.

Mr. Brown is challenging Respondent's decision to deny Mr. Brown's request for placement in a residential reentry center eighteen months prior to his scheduled release date of April 16, 2010. Mr. Brown specifically claims that Respondent's decision is arbitrary and capricious for two reasons. He first contends that Respondent improperly based the decision on the fact that Mr. Brown currently is enrolled in a drug abuse treatment program. Mr. Brown also contends that Respondent failed to consider the five factors listed in 18 U.S.C. § 3621(b) in making his decision.

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. **See Woodford v. Ngo**, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to Mr. Brown. **See** 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by

attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15. "Appeal to the General Counsel is the final administrative appeal." *See* 28 C.F.R. § 542.15(a).

The BOP administrative remedy procedure provides that informal resolution attempts must be completed and a formal grievance submitted within twenty days after the date on which the basis for the grievance occurred. *See* 28 C.F.R. § 542.14(a). The warden has twenty days to respond to a formal grievance, although this deadline may be extended once for twenty days. *See* 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response has twenty days to file a regional appeal. *See* 28 C.F.R. § 542.15(a). The BOP Regional Director has thirty days to respond to an appeal and the Regional Director's response time may be extended once for thirty days. *See* 28 C.F.R. § 542.18. An inmate who is not satisfied with the response of the Regional Director has thirty days to file a national appeal to the BOP General Counsel. *See* 28 C.F.R. § 542.15(a). The General Counsel has forty days to respond to an appeal and the General Counsel's response time may be extended once for twenty days. *See* 28 C.F.R. § 542.18. The regulations provide that an inmate shall be informed in writing of any extension of time for a response. *See id.* "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.* A grievance or appeal may be rejected for failing to comply with the requirements of the administrative remedy procedure. *See* 28 C.F.R. § 542.17(a).

Mr. Brown argues that he has exhausted administrative remedies. He asserts that he sought informal resolution of his claim in May 2008 and filed a formal grievance at the institution level on June 9, 2008. The administrative remedy number assigned to Mr. Brown's June 9 grievance is 499235.[1] On July 9, 2008, Mr. Brown filed a regional appeal in which he stated that Respondent had failed to respond to his June 9 administrative remedy request within the time allowed. On July 1, 2008, before Mr. Brown filed his initial regional appeal on July 9, Respondent extended the time for a response until July 20, 2008. Mr. Brown's initial regional appeal filed on July 9 was rejected by the Regional Director on July 14, 2008, because the administrative remedy request still was being considered at the institution level. The documents provided by Respondent do not demonstrate that Mr. Brown was notified that the time for a response was extended by Respondent on July 1 or that his initial regional appeal was rejected on July 14. On July 18, 2008, Respondent rejected Mr. Brown's June 9 administrative remedy request on the merits.

On September 2, 2008, Mr. Brown filed a national appeal in which he stated that he had not received a response to his regional appeal within the time allowed and that Respondent's July 18 response to his administrative remedy request had been received after the deadline for a response. Mr. Brown's national appeal was received by the BOP Central Office on September 16 and rejected on September 20. The response from the Central Office states that the appeal was submitted to the wrong level and that

---

[1] According to Respondent, Mr. Brown has filed a total of twelve administrative remedy requests throughout his incarceration. Mr. Brown argues that he exhausted administrative remedies for his claims in this action in connection with administrative remedy request number 499235 and not with any other administrative remedy request. Therefore, the Court will limit its discussion to administrative remedy request number 499235.

4

Mr. Brown should submit his appeal to the regional level because the institution had answered his administrative remedy request. A notation on the Central Office response indicates it was delivered to Mr. Brown on October 8, 2008. Mr. Brown then submitted a second regional appeal that was received in the Regional Office on October 20, 2008. On October 23, 2008, the Regional Office rejected the second regional appeal as untimely. According to Respondent, the second regional appeal was rejected as untimely because it was not submitted within twenty days after the initial response issued on July 18, 2008. Mr. Brown does not allege that he filed a new national appeal after receiving the October 23 rejection notice from the Regional Office.

Respondent argues that Mr. Brown failed to exhaust administrative remedies for a number of reasons, including that his initial regional appeal on July 9 was premature and that he failed to file a timely national appeal following the July 14 rejection of his initial regional appeal. The Court does not agree that these arguments demonstrate a failure to exhaust because, as noted above, there is no indication that Mr. Brown received notice that the response time for his administrative remedy request was extended or that his initial regional appeal was rejected.

Respondent also argues that Mr. Brown failed to exhaust administrative remedies because he did not file a national appeal after his second regional appeal was rejected as untimely on October 23. The Court agrees with this argument because, pursuant to BOP regulations, "[w]hen a Request or Appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection . . . to the next appeal level." 28 C.F.R. § 542.17(c). Therefore, Mr. Brown could and should have filed a national appeal after he received notice of the October

23, 2008, rejection of his second regional appeal. Because Mr. Brown did not file a new national appeal at that time, the Court finds that he failed to exhaust administrative remedies. Mr. Brown may not exhaust "administrative remedies by, in essence, failing to employ them." See *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002).

Mr. Brown also argues that this action should not be dismissed for failure to exhaust administrative remedies because exhaustion would be futile. In support of his futility argument Mr. Brown asserts that "the BOP **never** resolves an appeal contrary to its stated procedures." (Reply to Prelim. Resp. of Resp't at 1.)

The exhaustion requirement may be waived if exhaustion would be futile. See *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). However, Mr. Brown's vague and conclusory assertion that the BOP never resolves an appeal contrary to its stated procedures fails to convince the Court that exhaustion of administrative remedies would be futile in the instant action. Therefore, the Court finds that the instant action must be dismissed because Mr. Brown failed to exhaust administrative remedies prior to seeking judicial relief. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 28 day of Jan. , 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02441-BNB

James L. Brown, Sr.
Reg No. 00132-111
FCI - Florence
P.O. Box 5000
Florence, CO 81226-5000

Lisa A. Christian
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

 I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/28/09

GREGORY C. LANGHAM, CLERK

By: _____
 Deputy Clerk